**PRODUCTION AND MAINTENANCE EMPLOYEES' LOCAL 504, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, Plaintiff–Appellee,**

**v.**

**ROADMASTER CORPORATION, Defendant–Appellant.**

**No. 89–3413.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 27, 1990.

Decided Oct. 18, 1990.

As Amended on Denial of Rehearing and Rehearing En Banc Nov. 14, 1990.

Michael W. O'Hara, Cavanagh, Hosteny & O'Hara, Springfield, Ill., for plaintiff-appellee.

Kevin J. Kinney, David F. Loeffler, Krukowski & Costello, Milwaukee, Wis., and Kurtis B. Reeg, Belleville, Ill., for defendant-appellant.

Before WOOD, JR., and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

As the end of its collective bargaining agreement approached, Roadmaster Corporation notified three unions that it would not extend the contract. It sent this letter because the agreement contained a provision automatically renewing all terms from year to year in the absence of 60 days' written notice. Roadmaster had just weathered a strike and hired more than 500 permanent replacements. It believed that none of the three unions claiming to represent the workers had support among its

current employees, and refused to negotiate with them. One of these, Local 504 of the Production and Maintenance Employees, took Roadmaster to arbitration, contending that the mailed notice coupled with a refusal to bargain did not prevent the extension of the agreement. An arbitrator agreed—not because the contract said so, for the arbitrator did not consider the contract, but because the arbitrator believed that the National Labor Relations Act had this effect. Cf. *NLRB v. Curtin Matheson Scientific, Inc.,* — U.S. —, 110 S.Ct. 1542, 108 L.Ed.2d 801 (1990). Because the arbitrator's power was limited to interpreting and enforcing the collective bargaining agreement, the district court refused to enforce the award. *Roadmaster Corp. v. Production & Maintenance Employees' Local 504,* 655 F.Supp. 1460 (S.D.Ill.1987), affirmed, 851 F.2d 886 (7th Cir.1988).

Local 504 still wanted an interpretation of the contract. It had two options. One was to ask the court to remand the dispute to the original arbitrator with instructions to interpret and enforce the collective bargaining agreement. The other was to make a fresh demand for arbitration. Local 504 took the second course, and Roadmaster balked. It sent the union a letter asserting that the prior decisions had held that "the December 16, 1985 notice from Roadmaster to Local 504 terminated the contract at the stroke of midnight February 28, 1986, pursuant to the express terms of Article 34 of that contract.... [T]he Union has had a full and fair trial on that legal issue and a final judgment has been entered between Roadmaster and Local 504 that all the provisions of the 1982–86 contract expired at midnight February 28, 1986.... The doctrine of preclusion by prior judgment—*res judicata*—bars relitigation of the Union's claim." This piffle did not persuade the union, as well it should not. Neither the district court nor this court held that the contract terminated on February 28. Neither court could construe the contract; the contract reposes that power in an arbitrator, and the point of the earlier decisions was that the arbitrator had yet to construe the contract.

Roadmaster's rebuff led Local 504 to commence this case, seeking an order to compel arbitration. Roadmaster abandoned the claim that the courts had construed the agreement authoritatively; as a fallback it insisted that doctrines of preclusion barred a second "litigation"—that Local 504's only option was to seek a remand to the original arbitrator, cf. *Ethyl Corp. v. United Steelworkers,* 768 F.2d 180, 187–88 (7th Cir.1985), and that the request for a fresh reference instead of a remand was a fatal miscue. The district court disagreed, observing that the first set of judicial decisions was not "on the merits", so that a second arbitrator could be appointed to interpret the contract at long last. Local 504 does not want the arbitrator to reexamine the *courts'* decision; it followed, the judge believed, that there is no preclusion.

Roadmaster treats this as a case in which the first arbitrator's order was enforced, or enforcement was denied on the ground that the contract does not admit of a proposed reading, and the loser wants an arbitrator to reexamine that decision. As the district judge properly observed, it is not. We have instead a request for a second arbitration in order to reach an initial decision about the meaning of a collective bargaining agreement.

■ Whether more than one arbitrator can take a crack at interpreting the contract is itself a question of contractual interpretation. *W.R. Grace & Co. v. Rubber Workers,* 461 U.S. 757, 765, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983); *Electrical Workers v. United Telephone Co.,* 738 F.2d 1564, 1572 (11th Cir.1984). Arbitrators frequently interpret the scope and binding effect of earlier arbitral decisions. Parties to a collective bargaining agreement may elect to have rigorous rules of preclusion or lax ones. Courts enforce rules of merger and bar, precluding a second litigation to consider claims that could have been, but were not, resolved in the first. Contracting parties and their arbitrators do not always select such strict rules. Parties may require remands to the original arbitrators to consider new issues or forbid remands and allow second proceedings. Because these are legitimate options, and the choice is influenced by im-

plied as well as express terms, *Chicago & North Western Transportation Co. v. Railway Labor Executives' Ass'n*, 908 F.2d 144, 154 (7th Cir.1990), the union is entitled to an order compelling arbitration even if the doctrine of claim preclusion in federal law might forbid successive litigation had the first arbitrator been a judge. The *Restatement (2d) of Judgments* (1982) does not bind arbitrators.

This lawsuit was unnecessary. Roadmaster initially resisted arbitration on a preposterous ground; in court it shifted to one slightly more stable, but without considering whether the court could preempt the arbitrator's power to decide the scope of preclusion. Arbitration clauses are agreements to move cases out of court, to simplify dispute resolution, making it quick and cheap. Deciding whether this agreement terminated in February 1986 has been anything but quick and cheap. Part of the difficulty is attributable to the arbitrator's error. Delay and expense since the union's second demand in late 1988, however, is entirely Roadmaster's creation. Arbitration will not work if legal contests are its bookends: a suit to compel or prevent arbitration, the arbitration itself, and a suit to enforce or set aside the award. Arbitration then becomes more costly than litigation, for if the parties had elected to litigate their disputes they would have had to visit court only once.

■ Reluctance to see the benefits of arbitration smothered by the costs and delay of litigation explains the increasing tendency of courts to order a party feebly opposing arbitration (or its outcome) to pay the winner's legal fees. E.g., *PaineWebber Inc. v. Farnam*, 843 F.2d 1050 (7th Cir.1988); *Bailey v. Bicknell Minerals, Inc.*, 819 F.2d 690 (7th Cir.1987); *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1200–03 (7th Cir.1987); *Dreis & Krump Manufacturing Co. v. International Ass'n of Machinists*, 802 F.2d 247, 254–56 (7th Cir.1986); *Thompson v. Tega–Rand International*, 740 F.2d 762, 764 (9th Cir.1984). Anything less makes a mockery of arbitration's promise to expedite and cut the costs of resolving disputes.

Local 504 has asked Roadmaster to pay its attorneys' fees as a sanction. Roadmas-

ter has not asked for a hearing, and its reply to the union's request is principally to reiterate its belief in the force of its arguments. Fed.R.App.P. 38 establishes an objective standard. *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938–39 (7th Cir.1989) (in banc). Roadmaster did not have much chance of prevailing. A probability so slight, coupled with Roadmaster's own promise (in the contract) to move disputes between employer and union to another forum, makes it appropriate for Roadmaster to pay the full costs—its own, and the union's—of its unsuccessful gambit. Sanctions are imposed under Rule 38. The union has 15 days to submit a statement of the reasonable attorneys' fees incurred in defending this appeal.

AFFIRMED WITH SANCTIONS.

### Order

Defendant-Appellant filed a petition for rehearing and suggestion of rehearing en banc on November 1, 1990. No judge in regular active service has requested a vote on the suggestion of rehearing en banc, and all of the judges on the panel have voted to deny rehearing. The petition for rehearing is therefore DENIED.