**CONTINENTAL CAN COMPANY, INC., Plaintiff–Appellant,**

v.

**CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE WORKERS UNION (INDEPENDENT) PENSION FUND, Defendant–Appellee.**

No. 89–3759.

United States Court of Appeals, Seventh Circuit.

Dec. 27, 1990.

Charles R. McKirdy, Rudnick & Wolfe, Matthew R. McArthur, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for plaintiff-appellant.

Joseph M. Burns, Stephen B. Horwitz, Jacobs, Burns, Sugarman & Orlove, Chicago, Ill., for defendant-appellee.

## ON MOTION FOR ATTORNEYS' FEES

Before FLAUM, EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

■ After prevailing on the merits, 916 F.2d 1154 (7th Cir.1990), the pension fund requests from the employer the legal fees it incurred in defending its judgment. The Fund invokes both Fed.R.App.P. 38 and § 4301(e) of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1451(e). We put Rule 38 aside immediately, for the appeal was not frivolous. See *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938 (7th Cir.1989) (in banc). Although the employer lost, it relied on an interpretation of the statute by its sponsor, and it is not objectively frivolous to ask a court to take the sponsor at his word.

■ Section 1451(e) provides that "the court may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party." Like many of the other fee-shifting statutes, § 1451(e) is silent on the standard to be used. The Fund asks us to treat it like fee-shifting authorizations under the civil rights laws, with liberal awards in favor of prevailing plaintiffs. It overlooks its status as a defendant (Continental Can filed suit to set aside an arbitrator's award). Prevailing defendants do not fare nearly so well as prevailing plaintiffs. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). For its part, Continental Can ignores § 1451(e). Neither side notices that we have adopted for purposes of § 1451(e) the same approach we use under 29 U.S.C. § 1132(g)(1), another fee-shifting clause in ERISA. *Rootberg v. Central States Pension Fund*, 856 F.2d 796, 798 (7th Cir.1988). Section 1132(g)(1) leaves awards to the court's discretion. See *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 829–30 (7th Cir. 1984); *Janowski v. Teamsters*, 673 F.2d 931, 940–41 (7th Cir.1982), vacated on other grounds, 463 U.S. 1222, 103 S.Ct. 3565, 77 L.Ed.2d 1406 (1983).

*Bittner* adopts for ERISA the model of the Equal Access to Justice Act, under which the prevailing party is entitled to fees unless the loser can show that its position was "substantially justified", a higher hurdle than "not frivolous". See *Pierce v. Underwood*, 487 U.S. 552, 563–68, 108 S.Ct. 2541, 2549–51, 101 L.Ed.2d 490 (1988). Continental Can's position has been rejected everywhere it has been presented; even coming from a Senator, the assertion that "substantially all" means only "50.1% or more" raises eyebrows. Continental Can's position is not frivolous but is not "substantially justified" as *Underwood* defines that term.

Any doubt we resolve in favor of awarding fees. The MPPAA puts claims for withdrawal liability on a fast track. The employer must pay first and argue later. Argument comes before an arbitrator. 29 U.S.C. § 1401. We held in *Iron Workers Pension Trust v. Allied Products Corp.*, 872 F.2d 208, 211–12 (7th Cir.1989), that despite the reference to an arbitrator employers may receive a judicial decision on strictly legal claims, such as the meaning of "substantially all". Those who take advantage of this must be prepared to pay for the privilege. This case has now gone through three tribunals—arbitrator, district court, appellate court. Three times the Fund has had to pay lawyers to collect its due. We trust that there will be some net recovery, but the speedy and cheap resolution that Congress sought when directing arbitration of withdrawal liability cases has been defeated. Even under the American Rule, which requires each side to bear its own legal expenses, few litigants pay for counsel in more than two courts. Parties subjected to three rounds of litigation, when Congress specified one as the norm, are presumptively entitled to fees under § 1451(e). We have remarked before that awards of attorneys' fees are readily available when one side refuses to accept an arbitrator's award and loses. *Production & Maintenance Employees Local 504 v. Roadmaster Corp.*, 916 F.2d 1161 (7th Cir.1990); *Paine Webber Inc. v. Farnam*, 843 F.2d 1050 (7th Cir.1988); *Bailey v. Bicknell Minerals, Inc.*, 819 F.2d 690 (7th Cir.1987); *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1200–03 (7th Cir. 1987); *Dreis & Krump Manufacturing Co. v. International Ass'n of Machinists*, 802 F.2d 247, 254–56 (7th Cir.1986). That principle applies with full force under the MPPAA and ERISA.

The Fund seeks $7,410 for 49.4 hours of legal work in defending this appeal. The request is reasonable and is allowed. Continental Can asks for an award of its own, on the ground that the Fund made a material misrepresentation in its request for fees. The Fund argued that its modest request should be approved because, among other things, it had not requested fees under § 1451(e) from either the arbitrator or the district judge. Continental Can observes that the Fund requested fees in both fora—the arbitrator said no, and the district judge did not act on the request. This means that the subject is pending still in the district court, *Northside Sanitary Landfill, Inc. v. Indianapolis*, 902 F.2d 521 (7th Cir.1990), because a request for fees is appealable independently of the merits. See *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). We anticipate that the district judge will rule on the subject in due course.

Meanwhile, our own decision must take into account the Fund's misrepresentation. Misstatements of this kind are serious business; the supposed lack of request for fees in earlier proceedings was offered as a reason why we should exercise discretion in the Fund's favor. Although we could initiate proceedings under Fed.R.App.P. 46(c), we elect instead to exercise discretion under § 1451(e) to reduce the award by $1,000. Cf. *Frantz v. United States Powerlifting Federation*, 836 F.2d 1063 (7th Cir.1987). Counsel should swallow this difference, so that the Fund pays no net fees for appellate work. The net award of $6,410 is a little more than 86% of what the Fund requested, so counsel should take comfort in knowing that they will receive "substantially all" of their fees, as the MPPAA uses that term.