In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 17-2071

HYATT FRANCHISING, L.L.C.,

*Plaintiff-Appellee,*

*v.*

SHEN ZHEN NEW WORLD I, LLC, and SHEN ZHEN NEW WORLD
INVESTMENT (USA) INC.,

*Defendants-Appellants.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 8306 — **Virginia M. Kendall**, *Judge.*

---

DECIDED JANUARY 12, 2018

---

Before EASTERBROOK, ROVNER, and HAMILTON, *Circuit
Judges.*

PER CURIAM. Our first decision in this appeal affirmed a
judgment enforcing an arbitrator's award of approximately
$9 million against Shen Zhen. 876 F.3d 900 (7th Cir. 2017).
We concluded by observing that commercial parties that re-
fuse to comply with an arbitrator's decision presumptively
must pay the attorneys' fees that the prevailing party incurs

in enforcement proceedings, in both the district court and the court of appeals. We thought, however, that it would be unnecessary to make an award as a sanction, because Shen Zhen had promised in the underlying contract to pay all of Hyatt's fees. Just in case, however, we added that Hyatt may apply for a formal award.

Hyatt has done so. Its motion tells us that Shen Zhen has refused to reimburse it for fees incurred in the district court, despite the express language of our opinion. We invited Shen Zhen to respond, and it told us that it is unwilling to reimburse Hyatt for *any* legal expenses unless Hyatt prevails in a separate arbitration dealing with legal fees—a proceeding that Shen Zhen has asked the American Arbitration Association to dismiss on the ground that the award of fees is exclusively a judicial matter.

Hyatt also tells us that Shen Zhen has asked the Central District of California to relieve it of any obligation to comply with the award—in other words, Shen Zhen thinks that a district court in California can and should countermand a final decision of the Seventh Circuit. Shen Zhen's response does not deny Hyatt's assertion. If one round of litigation on top of arbitral proceedings is too much, as our opinion concluded, it is hard to find words to describe the conduct of a party that refuses to accept not only the arbitrator's decision but also a final judicial outcome and scours the nation in search of a different opinion.

Because Shen Zhen is unwilling to pay Hyatt's fees as a matter of contract, we now order it to do so as a sanction for unnecessary and pointless litigation. Our initial opinion cited *Continental Can Co. v. Chicago Truck Drivers Pension Fund*, 921 F.2d 126, 128 (7th Cir. 1990), and 28 U.S.C. §1927. *Conti-*

*nental Can* requires the losing litigant to cover the winner's legal expenses, and §1927 deals with the responsibility of counsel. The statute provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The scorched-earth tactics being employed by Shen Zhen's counsel fall comfortably within that description.

Shen Zhen and its lawyers have ignored §1927. With respect to *Continental Can*, the response observes that it entailed only fees for work on appeal, because that was all the prevailing party had requested. But *Continental Can* hardly establishes that only appellate fees are compensable. It was the culmination of a line of cases in this circuit establishing that commercial parties that wage unsuccessful litigation against an arbitrator's award must make their adversaries whole. See, e.g., *Production & Maintenance Employees' Local 504 v. Roadmaster Corp.*, 916 F.2d 1161 (7th Cir. 1990); *Paine-Webber Inc. v. Farnam*, 843 F.2d 1050 (7th Cir. 1988); *Bailey v. Bicknell Minerals, Inc.*, 819 F.2d 690 (7th Cir. 1987); *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1200–03 (7th Cir. 1987); *Dreis & Krump Manufacturing Co. v. International Association of Machinists*, 802 F.2d 247, 254–56 (7th Cir. 1986). See also, e.g., *Assessment Technologies of Wisconsin, LLC v. WIREdata, Inc.*, 361 F.3d 434 (7th Cir. 2004) (an appellate award including fees incurred in the district court).

Accordingly, we now direct Shen Zhen to compensate Hyatt for all legal fees and costs incurred, in both the district court and this court, during the proceedings seeking to con-

firm and collect the arbitrator's decision. Moreover, Hyatt is entitled to compensation for the legal fees incurred in defending and enforcing our conclusion that it is entitled to fees. See *Commissioner of INS v. Jean*, 496 U.S. 154 (1990); *Rickels v. South Bend*, 33 F.3d 785 (7th Cir. 1994).

Hyatt's motion asks for approximately $272,000 in legal fees and approximately $14,000 in costs. Shen Zhen contends that some of these fees may have been incurred in the California litigation rather than the Illinois litigation. Because our current order rests on our power to penalize misconduct in this litigation, any expenses from California must be subtracted. Hyatt should submit a new calculation by January 19 omitting any legal expenses from California. Shen Zhen will have until January 26 to reply.

Shen Zhen's lawyers (Bruce M. Cohen and Jonah D. King of Cohen & Lord in Los Angeles) have until January 26 to show cause why they should not be held jointly and severally responsible for these fees under §1927. Their response thus is due the same day as Shen Zhen's.

One final observation: Our mandate has issued, so the district court is free to entertain any application that Hyatt may make seeking an injunction against Shen Zhen's duplicative litigation. A district court is entitled to prevent a litigant from trying to circumvent its orders, and an ongoing dispute about sanctions does not detract from that authority.