[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11938

Non-Argument Calendar

_____

EVERTON A. BLAKE,

Plaintiff-Appellant,

*versus*

ROCKLYN HOMES, INC.,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00288-LMM

_____

2                          Opinion of the Court                          24-11938

_____

No. 24-12209

Non-Argument Calendar

_____

EVERTON A. BLAKE,

Plaintiff-Appellant,

*versus*

ROCKLYN HOMES, INC.,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00288-LMM

_____

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

Everton Blake and Rocklyn Homes proceeded to arbitration
on claims related to the purchase agreement for the sale of a home
in 2021.  The arbitrator issued an award which found for Mr. Blake

on his breach of contract claim and for Rocklyn Homes on his other claims. Because Mr. Blake and Rocklyn Homes had each prevailed on at least one claim, the arbitrator ordered that each party bear its own attorney's fees and split the administrative costs of the arbitration (including the arbitrator's compensation).

Mr. Blake then moved to vacate or modify the award in federal district court pursuant to various provisions of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. The district court denied the motion, concluding that there were no grounds for vacatur or modification. Mr. Blake now appeals, and we affirm.

According to Mr. Blake, there were various bases for vacatur or modification of the arbitration award. We discuss each one below, keeping in mind that "[u]nder the FAA, courts may vacate an arbitrator's decision 'only in very unusual circumstances.' That limited judicial review . . . 'maintain[s] arbitration's essential virtue of resolving disputes straightaway.' If parties could take 'full-bore legal and evidentiary appeals,' arbitration would become 'merely a prelude to a more cumbersome and time-consuming judicial review process.'" *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568-69 (2013) (citations omitted).

First, Mr. Blake contends that the arbitrator "exceeded his powers." 9 U.S.C. § 10(a)(4). The only things he points to, however, are (a) the arbitrator's statement that the interpretation of the purchase agreement was a matter for him to decide and (b) the arbitrator's supposed failure to address his claim for specific performance. *See* Appellant's Br. at 12, 19-20.

As to the first assertion, "[p]arties to an arbitration dispute [have] bargained for the arbitrator's interpretation of contractual language, and courts do not usurp that function. . . . Accordingly, 'the sole question for us is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong.'" *Hidroelectrica Santa Rita, S.A. v. Corporacion AIC, S.A.*, ___ F.4 th ___, 2024 WL 4500962, at \*2-\*3 (11th Cir. Oct. 16, 2024) (citations omitted). Because Mr. Blake has not explained how the arbitrator failed to arguably interpret the purchase agreement, this first argument fails. *See also Oxford Health Plans*, 569 U.S. at 569 (explaining that, under § 10(a)(4), "[i]t is not enough . . . to show that the [arbitrator] committed an error—or even a serious error").

As to the second assertion, the arbitrator stated in the award that "all claims not expressly granted . . . are hereby denied." D.E. 17-1 at 3. Because the arbitrator did not expressly find for Mr. Blake on his claim for specific performance, that claim was necessarily denied (and not ignored).

Second, Mr. Blake argues that the award must be modified because there was an "evident material miscalculation or an evident material mistake," 9 U.S.C. § 11(a), with respect to the award of damages and the matter of attorney's fees. *See* Appellant's Br. at 13-14. He maintains that material mistakes are "evidently present" throughout the award and its itemization. But he fails to provide a single example of such a mistake in the argument section of his brief. Under the circumstances, he has abandoned this argument or at the very least not shown that the district court committed

reversible error. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Third, Mr. Blake asserts that there was "evident partiality," 9 U.S.C. § 10(a)(2), on the part of the arbitrator. Under § 10(a)(2), the evident partiality standard is satisfied "only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists." *Gianelli Money Purchase Plan & Trust v. ADM Inv. Services, Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1998). Mr. Blake points to the decision of the arbitrator to quash his subpoenas as proof of evident partiality. *See* Appellant's Br. at 14-17. We agree with the district court, however, that even if the arbitrator based this procedural ruling on his personal preferences for handling subpoenas, that does not establish that the arbitrator was prejudiced or biased against Mr. Blake so as to require vacatur. Simply put, Mr. Blake cannot point to any conflict or apparent conflict. *See* D.E. 20 at 7-8.

Fourth, Mr. Blake claims that the arbitrator's award of $1,100 in his favor on the breach of contract claim ignored the substantial evidence of damages in the record. This, in his view, constituted "misconduct" under 9 U.S.C. § 10(a)(3). We disagree. There is no indication from the award that the arbitrator failed to consider Mr. Blake's evidence concerning damages; the only thing

we can discern is that the arbitrator concluded that Mr. Blake was only entitled to an award of $1,100 for Rocklyn Homes' breach of contract. *See* D.E. 17-1 at 2. "It was for the arbitrator to decide who breached the agreement first, and what damages were recoverable as a consequence." *Flexible Mfg. Systems Pty. Ltd. v. Super Products Group*, 86 F.3d 96, 100 (7th Cir. 1996). *Cf. Dawahare v. Spencer*, 210. F.3d 666, 670 (6th Cir. 2000) ("The monetary award simply designated the amount of damages without detailed explanation. It is difficult to say that the arbitrators refused to heed a clearly defined legal principle.").

**AFFIRMED.**