70 F.3d 1271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 CLEO INC., Plaintiff-Appellant,
v.
UNITED PAPERWORKERS INTERNATIONAL UNION, AFL-CIO, LOCAL
UNION 1766, Defendant-Appellee.
 
 No. 94-6441.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1995.
 Before: MERRITT, Chief Judge; GUY and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this appeal, we are asked to reverse the district court's refusal to vacate an arbitration award in favor of defendant, Local 1766 of the United Paperworkers International Union. The arbitrator had concluded that plaintiff, Cleo Inc., violated its labor agreement with defendant, by eliminating a twenty-minute paid lunch period for mechanics working in its Printing Department and replacing it with a thirty-minute unpaid lunch break. The district court granted summary judgment to defendant. We affirm.
 
 I.
 
 2
 Cleo Inc. is a gift wrap manufacturer doing business in Memphis, Tennessee. United Paperworkers International Union, AFL-CIO, Local No. 1766 (the Union) is the exclusive bargaining representative for all production and maintenance employees at the Memphis facility. The parties had negotiated a labor agreement that was in effect at all relevant times in this case.
 
 
 3
 In April 1990, Cleo changed the work schedules for the mechanics in its Ribbons and Bows Department. Previously, the mechanics had worked a straight eight-hour day, which included a twenty-minute paid lunch break in accordance with the labor agreement. Following the change, an eight and one-half hour day, which included a thirty-minute unpaid lunch break was imposed.
 
 
 4
 Shortly after this change, the Union filed a grievance on the workers' behalf challenging Cleo's action. The grievance proceeded to arbitration before Arbitrator Jerome H. Ross, who concluded that regardless of the agreement's paid lunch provision, the agreement further provides that the employer is entitled to set work schedules. In addition, the arbitrator noted the agreement establishes an eight-hour work day, not counting any lunch period. The Union did not challenge the award, which was decided on January 30, 1991. Two months prior to that decision, however, in November 1990, Cleo had reinstated the twenty-minute paid lunch period.
 
 
 5
 On September 30, 1991, Cleo again attempted to eliminate the twenty-minute paid lunch break, this time with respect to maintenance employees working in its Printing Department. The Union filed a grievance on behalf of these workers that also proceeded to arbitration. This time the arbitrator was Gordon W. Ludolf. Disagreeing with arbitrator Ross's decision, Ludolf concluded that Cleo had violated the express terms of the labor agreement by refusing to pay employees for twenty minutes of their thirty-minute lunch period. At the arbitration, Cleo argued that the labor agreement's final and binding clause made the determination in the first arbitration binding upon arbitrator Ludolf. Ludolf rejected the argument, holding that, although arbitrator Ross's decision bound the parties regarding the underlying grievance, it did not preclude arbitration of this subsequent grievance involving different employees.
 
 
 6
 Cleo filed suit in federal court under Section 301 of the Labor Management Relations Act seeking to vacate arbitrator Ludolf's award. See 29 U.S.C. Sec. 185. Both sides filed motions for summary judgment. The district court found for the Union and refused to vacate the award. Cleo now appeals.
 
 II.
 
 7
 We review de novo a district court's grant of summary judgment. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015 (6th Cir.1995). Summary judgment is proper if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In this case, the parties do not allege there are any issues of material fact; therefore, we consider whether the Union is entitled to judgment as a matter of law.
 
 
 8
 The standard of review in arbitration cases is very narrow. E.g., NCR Corp. v. Sac-Co., 43 F.3d 1076, 1079 (6th Cir.), cert. denied, Sac-Co. v. AT & T Global Info. Solutions Co., 116 S.Ct. 272 (1995). We do not hear claims of factual or legal error by an arbitrator as we do in reviewing decisions of district courts. United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987). The parties have bargained for the arbitrator's decision, not the court's, and that decision will be upheld unless it fails to "draw its essence from the collective bargaining agreement." United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960); see also Misco, 484 U.S. at 38 ("as long as the arbitrator is even arguably construing or applying the contract ... that a court is convinced he committed serious error does not suffice to overturn his decision"); W.R. Grace & Co. v. Local 759, International Union of United Rubber Workers, 461 U.S. 757, 765-66 (1983) ("although conceivably we could reach a different result were we to interpret the contract ourselves, we cannot say that the award does not draw its essence from the collective bargaining agreement") (footnote omitted). Only if the arbitrator has dispensed "his own brand of industrial justice," 363 U.S. at 597, or ignored the "plain language of the contract," Misco, 484 U.S. at 38, will an award be vacated.
 
 
 9
 We first consider Cleo's argument that arbitrator Ludolf exceeded his authority under the agreement by refusing to give preclusive effect to arbitrator Ross's decision. The effect of a prior arbitration on an arbitrator's authority to decide a dispute is itself a matter of contract interpretation. E.g., W.R. Grace & Co., 461 U.S. at 765 ("[b]ecause the authority of arbitrators is a subject of collective bargaining ... the scope of the arbitrator's authority is itself a question of contract interpretation that the parties have delegated to the arbitrator").[1]
 
 
 10
 In deciding that the earlier arbitration did not bind him in the instant action, arbitrator Ludolf considered the language of Article VIII of the labor agreement. That article addresses grievances and arbitration and provides that "[t]he arbitration award shall be final and binding upon both Parties." (App. 36.) Ludolf determined that language meant an arbitrator's decision applies legally to the grievance presented, in that case, the challenge by the mechanics working in the Ribbons and Bows Department to the elimination of the paid lunch period. Cleo, in contrast, contends that the different identity of the grievants in the two grievances is irrelevant.
 
 
 11
 Clearly arbitrator Ludolf's decision was based on his interpretation of the language of the labor agreement negotiated between Cleo and the Union. Although Cleo's interpretation of the labor agreement's "final and binding" language is a plausible one, it is not so compelling as to preclude Ludolf's determination that the labor agreement does not preclude him from making his own decision.[2] Cleo's argument that the Union is bound by the earlier arbitration is also weakened as a factual matter because Cleo reinstated the paid lunch period months before the original arbitration was even decided.
 
 
 12
 Cleo has agreed to arbitration as a private settlement mechanism, which by its nature affects its recourse to the judicial system. As the Supreme Court has stated:
 
 
 13
 If the courts were free to intervene [based on disagreement with the arbitrator's conclusions], the speedy resolution of grievances by private mechanisms would be greatly undermined. Furthermore, it must be remembered that grievance and arbitration procedures are part and parcel of the ongoing process of collective bargaining. It is through these processes that the supplementary rules of the plant are established.
 
 
 14
 484 U.S. at 38. The terms of the labor agreement negotiated between Cleo and the Union expired within fifteen months of Cleo's elimination of the paid lunch period. Cleo remains free to renegotiate these terms to address the issues raised in this appeal.
 
 
 15
 The D.C. Circuit has reached a similar result. See Hotel Ass'n of Washington D.C., Inc. v. Hotel & Restaurant Employees Union, Local 25, 963 F.2d 388 (1992). In that case, the employer sued to vacate the arbitrator's award requiring it to pay overtime wages to a part-time employee. In challenging the award, the employer argued that a previous arbitration on this same issue involving a different employee in which the arbitrator reached a contrary result was binding on the subsequent arbitration. In reviewing the award, the court found that the contract's "final and binding" clause "does not so unequivocally import the principle of precedent into arbitral decisionmaking that [the arbitrator] was obliged expressly to consider it lest his decision fail to draw its essence from the contract." Id. at 390. In reaching its conclusion, however, the court reminded the employer that it was free to bargain over changing the contract "to make provision for a system of precedent, or to use a single arbitrator ... [the employer] may not expect this court, however, to serve as the deus ex machina that delivers it from the consequences of that present agreement." Id. at 391.
 
 
 16
 We next consider whether the arbitrator's determination on the merits ignored the plain language of the labor agreement. The arbitrator relied on two provisions of the labor agreement: Article XXIII of the agreement addressing employees' rest and relief periods and Article III addressing management's rights. Article XXIII explicitly provides for a twenty-minute paid lunch break. Article III, which provides that the determination of "work schedules and the number of hours an employee shall work per day and week" are vested exclusively in the company, further provides that "such right shall not be exercised so as to infringe on rights of the Union or individual employees." (App. 28.) The arbitrator concluded that the company's elimination of the paid lunch break infringed on employees' right to take a paid lunch break and "[t]o rule otherwise would require a gross modification of the express language of this contract negotiated by the Company and Union." (App. 64.) As relief, arbitrator Ludolf required Cleo to pay the grievants for twenty minutes of each lunch period for each day worked since the filing of the grievance.
 
 
 17
 In reviewing the arbitrator's actions, we conclude that his decision was based upon the collective bargaining agreement despite Cleo's argument that the arbitrator's interpretation conflicts with other provisions of the agreement that provide that the basic work day shall be eight hours, exclusive of the lunch period. Even assuming the arbitrator's interpretation of the agreement were erroneous, we would not vacate the award on that ground. W.R. Grace & Co., 461 U.S. at 765 ("Regardless of what our view might be of the correctness of [the arbitrator's] contractual interpretation, the Company and the Union bargained for that interpretation. A federal court may not second-guess it").
 
 
 18
 Cleo further argues that the arbitrator's decision must be vacated for failing to consider the "law of the shop" and cites International Woodworkers v. Weyerhaeuser Co., 7 F.3d 133 (8th Cir.1993), cert. denied, 114 S.Ct. 2135 (1994). In Weyerhaeuser, the Eighth Circuit vacated an arbitrator's award in favor of the union because the arbitrator had relied on an ambiguous provision of the collective bargaining agreement not addressed by the parties and therefore the parties had not had an opportunity to present evidence regarding the meaning of that contract provision. Weyerhaeuser is distinguishable. In this case, the record shows the parties produced evidence to suggest that the twenty-minute paid lunch period was designed to compensate employees for having to stay on company premises during the lunch period. Thus, unlike the parties in Weyerhaeuser, the parties in this case were permitted to present evidence regarding their intent in negotiating the paid lunch provision.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Plaintiff in its brief contends that "This Circuit has held that the principle of res judicata applies to arbitration proceedings, rendering a prior arbitration dispositive of a later grievance involving the same issue and the same parties. See Overseas Motors, Inc. v. Import Motors, Ltd., 375 F.Supp. 499, 511 (E.D.Mich.1974), aff'd, 519 F.2d 119 (6th Cir.), cert. denied, 423 U.S. 987 (1975)." As the case name suggests, Overseas Motors was not a labor action but rather an antitrust dispute that had been taken to Swiss arbitration court. The district court, addressing the effect of that court's ruling, stated the fact "[t]hat it was an arbitration rather than a judicial proceeding does not affect its authority as res judicata." 375 F.Supp. at 511. On appeal, this court did not reach any conclusion regarding the issue of res judicata. 519 F.2d at 123. Rather, the court found that even addressing the evidence found to be inadmissible (as the district court also had done) the result would be the same. Moreover, Overseas Motors precedes the Supreme Court's decision in W.R. Grace & Co
 
 
 [2]
 Cleo's reliance in further support of its argument on the language of the contract that states that an arbitrator "shall not have the power to change any of the terms of this Agreement or to make any additions thereto" (app. 36), merely begs the question as to the meaning of the "final and binding" clause