NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0809n.06

No. 12-4253

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 05, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TEAMSTERS LOCAL UNION NO. 436 | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| THE J.M. SMUCKER COMPANY, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BOGGS and SUHRHEINRICH, Circuit Judges and MURPHY[*], District Judge.

**SUHRHEINRICH, Circuit Judge.**  Defendant-Appellant, the J.M. Smucker Company

("Smucker") challenges the district court's summary judgment ruling in favor of Plaintiff-Appellee

Teamsters Local Union No. 436 (the "Union"), which vacated an arbitration award that denied the

Union's grievance on a contract interpretation dispute.  We now REVERSE.

## I. Background

On November 22, 2010, David Rose ("Rose") was displaced from his role as a team leader

in the Food Service Department of Smucker's plant by a more senior employee, Pennie Graham

("Graham").  Both Rose and Graham are members of the Union.  Smucker had undergone a plant-

wide workforce reorganization, which did not reduce the workforce, but did displace Graham from

her position.  Under the terms of the collective bargaining agreement ("CBA") between Smucker and

_____

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District
of Michigan sitting by designation.

1

the Union, if a senior employee's position is eliminated, she has the right to take the job of another employee who has less seniority. Under this procedure, the senior employee is said to have "bumped" the less-senior employee.

Smucker issued Graham a "bump slip" that stated in part: "Due to the discontinuance of your job, you are being given the opportunity to exercise your seniority rights by a bump." Graham sought to bump into Rose's position as a team leader in the Food Services Department's Glass Line. Smucker refused, saying that recent amendments to the CBA reserved hiring discretion for team leader positions to the management. Graham bumped into a non-team-leader position instead.

Shortly thereafter, Graham filed a grievance against Smucker, arguing that under the terms of the CBA, Smucker should have allowed her to bump Rose from his position. Under Article 6, Section 2 of the CBA, "[i]n case of layoff or job elimination, any employee on a bid job affected shall have the right to replace any less senior employee on a bid job, provided the employee moving is reasonably qualified and fit to perform the job into which he is moving." Graham's grievance was arbitrated by Arbitrator Robert J. Vana ("Arbitrator Vana"), who noted that the parties had stipulated to the fact that Graham's job had been "eliminated" during the course of a "layoff or job elimination," as required for Article 6, Section 2 to apply. Arbitrator Vana ultimately ruled in favor of Graham, requiring that Smucker grant Graham the opportunity to bump into Rose's position (the "Vana Award"). Subsequently, Graham bumped Rose from his position as the Glass Line team leader.

This left Rose displaced. Smucker did not issue Rose a "bump slip," which would have allowed him to bump another employee. As a response, the Union filed a grievance on behalf of

Rose, asserting his right to a secondary bump.[2]  The grievance was brought before Arbitrator John J. Murphy ("Arbitrator Murphy").  Smucker responded that Article 6, Section 2 extended to employees displaced by layoffs or job eliminations, but not to employees displaced by an arbitration award running to the benefit of a different employee.

Arbitrator Murphy found that even *if* the bumping right extended to an employee who had been displaced as a result of an arbitration award, to qualify for the right, that employee must also have been "affected" by a "layoff or job elimination" under Article 6, Section 2.  Because Rose's displacement was a result of Graham's bump, in order to determine whether Rose was "affected" by a "layoff or job elimination," Arbitrator Murphy had to determine whether Graham had been "affected" by a "layoff or job elimination."  Although Arbitrator Vana found that Smucker had conceded to the fact that Graham's job had been eliminated and was therefore estopped from arguing otherwise, Arbitrator Murphy found that Graham's job had not been eliminated because, according to Arbitrator Murphy, "[n]o jobs in the plant were eliminated and no one was laid off as a result of the restructuring of Graham's department."  As a result, Arbitrator Murphy held that Rose had not been "affected" by a "layoff or job elimination" and therefore had no right to a bump.  Based on this reasoning, Arbitrator Murphy ruled in favor of Smucker, dismissing the Union grievance for Rose (the "Murphy Award").

On November 10, 2011, the Union filed the present action in the Court of Common Pleas for Cuyahoga County, Ohio.  The Union sought to vacate the Murphy Award, alleging that Arbitrator Murphy had exceeded his powers in rendering the award by improperly disregarding findings of fact

---

[2]When an employee has been displaced due to a bump, and is afforded the right to bump another employee, this practice is referred to as a "sequential bump" or "secondary bump."

3

made by Arbitrator Vana in his proceedings, and also by failing to take into account past work practices of Smucker.

Smucker removed the case to the United States District Court for the Northern District of Ohio (the "district court") pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 173 and 28 U.S.C. § 1331, under which the district court had jurisdiction. Smucker filed a counterclaim in the district court seeking enforcement of the Murphy Award. The parties then filed cross-motions for summary judgment.

On September 24, 2012, the district court granted the Union's motion for summary judgment, and denied Smucker's motion for summary judgment. The district court ruled that Arbitrator Murphy exceeded his powers in two ways: (1) by failing to give preclusive effect to the Vana Award, as required under a CBA provision deeming arbitration awards as "final and binding on the parties and all effected employees"; and (2) by failing to take into account the parties' past practices.

Two CBA provisions were most relevant to the district court's analysis. The first provision is Article 6, Section 2 which, as noted above, states that in "the case of a layoff or job elimination, any employee on a bid job affected shall have the right to replace any less senior employee on a bid job." The second provision is Article 13, Section 1, which states that the "award of [an] arbitrator shall be final and binding on the parties and all effected [sic] employees."

## II. Jurisdiction

This court has appellate jurisdiction pursuant to 28 U.S.C. § 1292, which gives appellate courts jurisdiction over district court orders granting summary judgment.

### III. Analysis

Smucker claims that the district court erred by vacating the Murphy Award because: (1) the district court applied the incorrect test for vacating arbitration awards; (2) the district court erroneously ruled that Arbitrator Murphy needed to accord "preclusive effect" to the Vana Award; and (3) the district court erroneously ruled that Arbitrator Murphy needed to look to past practices. This court employs a *de novo* standard of review when reviewing a district court's summary judgment decision with respect to the enforcement of a labor arbitration award. *Equitable Res., Inc. v. United Steelworkers Int'l Union*, 621 F.3d 538, 544-45 (6th Cir. 2010). Such review focuses "on the arbitrator's analysis, not that of the district court." *Titan Tire Corp. of Bryan v. United Steelworkers of Am., Local 890L*, 656 F.3d 368, 371 (6th Cir. 2011) (quotation marks and citation omitted).

### A. Test for Vacating Arbitration Awards

"When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of Am., AFL-CIO, Dist. 27, Sub-Dist. 5,* 913 F.2d 1166, 1169 (6th Cir. 1990). A court may not reject an arbitrator's findings of fact "simply because it disagrees with them." *Tenn. Valley Auth. v. Tenn. Valley Trades & Labor Council,* 184 F.3d 510, 515 (6th Cir. 1999) (quotation marks and citation omitted). In determining when a court may vacate an arbitration award, we apply a "procedural aberration" test, which includes three inquiries:

> Did the arbitrator act "outside his authority" by resolving a dispute not committed to arbitration? Did the arbitrator commit fraud, have a conflict of interest or otherwise

act dishonestly in issuing the award? And in resolving any legal or factual disputes in the case, was the arbitrator "arguably construing or applying the contract"?

*Mich. Family Res.*, *Inc. v. Serv. Emp. Int'l Union Local 517M,* 475 F.3d 746, 753 (6th Cir. 2007) (en banc). Because there is no issue involving Arbitrator Murphy's authority to hear the grievance, his honesty or a conflict of interest, only the third inquiry is relevant here. *Id.* Under the third inquiry, as long as the arbitrator is arguably construing or applying the contract, the district court must not intervene, even if the arbitrator made "improvident, even silly" errors. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.,* 484 U.S. 29, 38-39 (1987) (reversing the circuit court's affirmation of a district court's vacation of an arbitration award).

**B.      Preclusive Effect of the Past Arbitration Award**

The district court found that Arbitrator Murphy did not even arguably construe the CBA because he did not "accord the Vana Award preclusive effect with respect to Mr. Rose." The district court held that this conflicted with Article 13, Section 1 of the CBA, which deems arbitration awards to be "final and binding on the parties and all effected [sic] employees."

Specifically, the district court pointed to Arbitrator Murphy's interpretation of the term "elimination." The CBA awards bumping rights to employees "affected" by a "layoff or job elimination." As noted above, in determining whether Rose had been "affected" by a "layoff or job elimination," Arbitrator Murphy had to look to whether Graham had been involved in a "layoff or job elimination," because Rose had been displaced by Graham. Although Arbitrator Vana found that Smucker had stipulated to the fact that Graham's job had been eliminated, Arbitrator Murphy found that Graham's job had not been eliminated. Arbitrator Murphy made this finding based on his

6

conclusion that "[n]o jobs in the plant were eliminated and no one was laid off as a result of the restructuring of Graham's department."

However, Arbitrator Murphy did not neglect to consider the Vana Award in his opinion, but specifically determined that the facts before him were "quite different factually" than the facts before Arbitrator Vana. Arbitrator Murphy further addressed the potential impact of the Vana Award on Rose's situation and determined that the Vana Award was distinguishable on its face. He reasoned that, in Arbitrator Vana's proceedings, Smucker had been estopped from making the argument that Graham's job had not been eliminated because it had issued a bump slip, whereas in Arbitrator Murphy's proceedings, no bump slip had been issued, so Smucker was free to raise the argument that Rose's job had not been eliminated:

> Arbitrator Vana's finding of an estoppel against the Employer thereby preventing the Employer's denial of the elimination of Graham's job was relevant in the analysis of the Graham grievance. However, it is not relevant in the analysis of a different contractual right being asserted in the grievance by Rose. Rose was never subjected to a representation by the Employer upon which Rose relied in asserting his right. . . .

Arbitrator Vana had ruled that the "job elimination" question had been "mooted, in the opinion of the arbitrator, by [Smucker's] concurrence that it did grant [Graham] a bumping right" by issuing the bumping slip. In other words, Arbitrator Murphy interpreted the Vana Award as not having *resolved* the question of whether Graham's job was eliminated, leaving him free to make his own factual determination based on the evidence before him.

As a preliminary note, we agree with the district court that Arbitrator Murphy's reasoning was "cursory, meandering, and generally unclear." Furthermore, Arbitrator Murphy, by failing to afford the Vana Award preclusive effect, created an anomaly, to the benefit of Smucker and the

7

employee Rose would have bumped.[3]  However, the threshold for vacating an arbitration award is

extremely high.  *Lattimer-Stevens,* 913 F.2d at 1169.  "[A]bsent a contractual provision to the

contrary, the preclusive effect of an earlier arbitration award is to be determined by the arbitrator."

*UAW v. Dana Corp.*, 278 F.3d 548, 557 (6th Cir. 2012).  In our case law, we have consistently

showed considerable reluctance to allow district courts to vacate arbitration awards.[4]  In light of

Arbitrator Murphy's explicit examination of the Vana Award, we find that although Arbitrator

---

[3]Smucker had issued a bump slip to Graham, perhaps in error, explicitly stating that her job had been discontinued, and that this qualified her for bumping rights.  But Smucker's argument before Arbitrator Murphy was that Graham's job had not been discontinued.  So on one hand, Graham's job had been discontinued, and on the other hand, Graham's job had not been discontinued.

[4]*See, e.g., Major League Baseball Players Assoc. v. Garvey*, 532 U.S. 504, 510 (2001) (reversing the circuit court's reversal of a district court's refusal to vacate an arbitration award because the "[appellate] court's discussion reveals that it overturned the arbitrator's decision because it disagreed with the arbitrator's factual findings"); *Misco, Inc.,* 484 U.S. 38 (reversing the circuit court's affirmation of a district court's vacation of an arbitration award because it "ha[d] no business weighing the merits of the grievance") (quotation marks and citation omitted); *Truck Drivers Local No. 164 v. Allied Waste Sys., Inc.,* 512 F.3d 211, 217 (6th Cir. 2008) (reversing the district court's vacation of an arbitration award because the court "must resist the temptation to overturn an arbitration decision merely because, in our opinion, the arbitrator made serious, improvident, or silly legal or factual errors") (quotation marks and citation omitted); *Mich. Family Res., Inc.*, 475 F.3d at 756 (reversing the district court's vacation of an arbitration award because "[t]he arbitrator, it is true, made a legal error, perhaps even a serious legal error, but an error of interpretation nonetheless, which does not authorize us to vacate the award").  *Cf. Bhd. of Locomotive Eng. & Trainmen v. United Transp. Union*, 700 F.3d 891, 905-06  (6th Cir. 2012) (affirming a district court's refusal to vacate an arbitration award because it was "not [the court's] job to determine whether the [arbitrator's] reading is the best reading" unless the arbitrator's "interpretation was so ignorant of or untethered from the agreements as to make implausible any contention that the arbitrator was construing the contract") (citation omitted)*; Titan Tire Corp.*, 656 F.3d at 374 (affirming the district court's refusal to vacate an arbitration award because "the fact that the arbitrator may have erred by choosing the wrong path . . . does not give us a warrant to vacate it") (quotation marks and citation omitted).

Murphy was applying and construing the CBA in a "cursory, meandering, and unclear" way, he was nonetheless applying and construing the CBA.

Smucker also argues that the Murphy Award fails under the "material factual identity" test, because Arbitrator Murphy contradicted Arbitrator Vana's finding concerning the *exact same transaction*. The contradiction was not made between the treatment of two similarly-situated employees, but of the treatment of a single employee    Graham. It is true that the "material factual identity" test has been used by other circuits to recognize that the doctrine of res judicata applies to arbitrations based on the same facts. *See, e.g., Trailways Lines, Inc. v. Trailways, Inc. Joint Council*, 807 F.2d 1416, 1425 (8th Cir. 1986) (holding that arbitrations may be subject to preclusion if they have same "strict factual identities"); *Oil Workers Int'l Union, Local No. 4-16000 v. Ethyl Corp.,* 644 F.2d 1044, 1050 (5th Cir. 1981) (holding that arbitrations may be subject to preclusion if their facts are "substantially similar" or "not materially different"). However, we have explicitly declined to adopt the "material factual identity" test, holding:

> Although the Eight Circuit and Fifth Circuit opinions cited by [the employer] do still appear to be good law in those circuits, the majority of other circuits that have examined this issue have held that arbitrators in labor disputes are not bound by the decisions of prior arbitrators unless the collective bargaining agreement so stipulates. The Supreme Court has stated that "[b]ecause the authority of arbitrators is a subject of collective bargaining, . . . the scope of the arbitrator's authority is itself a question of contract interpretation that the parties have delegated to the arbitrator." *W.R. Grace & Co. v. Local Union 759, Int'l Union of Rubber Workers*, 461 U.S. 757, 765, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983). Other circuits have held that the preclusive effect of an earlier arbitration award is a determination to be made by the arbitrator . . . . And a panel of the D.C. Circuit has specifically held that "where the agreement is silent, the arbitrator may decline to follow arbitral precedent when his judgment is that earlier decisions are erroneous." *Hotel Ass'n of Washington D.C., Inc. v. Hotel & Rest. Employees Union, Local 25*, 963 F.2d 388, 390 (D.C.Cir.1992) (quotations omitted).

*Int'l Union v. Dana Corp.*, 278 F.3d 548, 555-56 (6th Cir. 2002). Therefore, the inconsistency of Smucker's position over Graham's job elimination cannot be a basis for the vacation of the arbitration award.

## C.      Past Practices

The district court also ruled that Arbitrator Murphy failed to "arguably construe" the CBA because he "failed to look to past practices of the parties to interpret any ambiguity" of the CBA. The district court found that under "long-recognized practice, Smucker and the Union allowed employees who were bumped from their position by a more senior employee's exercise of bumping rights to bump a less senior employee."

But the Sixth Circuit has held that past practices should not be used to interpret or give meaning to a provision or clause of an agreement that is clear and unambiguous. *Beacon Journal Pub. Co. v. Akron Newspaper Guild, Local No. 7, Corp.*, 114 F.3d 596, 601 (6th Cir. 1997); *Int'l Union of Elec. Workers v. Hurd Corp.*, 7 F. App'x 329, 335 (6th Cir. 2001) (holding that "where a collective bargaining agreement's terms are clear but the management has engaged in contrary practice for a number of years, the words of the Agreement must be enforced"). The plain language of Article 6, Section 2 of the CBA does appear to clearly and ambiguously require that an employee be "affected" by a "layoff or job elimination" to qualify for bumping rights. Therefore, Arbitrator Murphy was not required to look to past work practices.

In summary, it does not matter that Arbitrator Murphy erred in failing to give the Vana Award preclusive effect, as long as he was arguably construing or applying the CBA. This is true even if, as he did so here, committed "serious," "improvident," or "silly" errors in resolving the merits of the dispute. *Mich. Family Res., Inc.*, 475 F.3d at 753. In the case before us, Arbitrator

10

Murphy quoted five provisions from the CBA; evaluated Arbitrator Vana's language about Graham's job status; and devoted several paragraphs to analyzing Article 6, Section 2 of the CBA. Tellingly, even the district court, in vacating the Murphy Award, held that the "Arbitrator's *analysis relied on the CBA provision* limiting bumping rights to circumstances where an employee's position has been eliminated," and that the "instant dispute primarily concerns Arbitrator Murphy's *interpretation* of the term 'elimination' *under the CBA*." This is enough to preserve the Murphy Award, no matter how irrational his reasoning.

As a result, although the district court's decision was understandable, it does not comply with *Michigan Family Resources*. *Id.* We are bound by the test set forth in *Michigan Family Resources*, which as the dissenting opinion in that case points out, is so sweepingly deferential as to constitute barely any review at all. *Id.* at 760 (Martin, J., dissenting). Unfortunately for the Union, while it happened to be on the winning side in the Vana Award, it happened to be on the losing side of the "cursory, meandering, and generally unclear" Murphy Award. And because of our precedent, we do not have the authority to correct any of Arbitrator Murphy's "improvident, even silly" errors. *Misco,* 484 U.S. at 38-39.[5]

---

[5]When parties contractually agree to arbitrate, they do so in order to decrease the expenses of litigation and to avoid appeals. In this Circuit, since *Michigan Family Resources*, there is little to no chance for the appeal of arbitration awards. If the parties want review of arbitration awards, they should contract accordingly.

## IV.  Conclusion

We REVERSE the summary judgment ruling of the district court and direct an entry of judgment in favor of Smucker, confirming Arbitrator Murphy's Opinion and Award dated September 26, 2011.